José González Cádiz, Plaintiff and Appellee, v. Vicente Ortiz López, Defendant; People of Puerto Rico, Appellant.

No. 6399. Argued June 19, 1933.—Decided June 24, 1933.

*Charles E. Winter, Attorney General,* and *R. Córdoves Arana, Assistant Attorney General,* for appellant. *González Fagundo & González, Jr.,* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

José González Cádiz brought a summary foreclosure proceeding against Vicente Ortiz López and his wife Paula Ortiz, and acquired at the foreclosure sale the property which had been mortgaged by defendants as security for a loan. During the pendency of said proceeding, the People of Puerto Rico had adjudicated to itself the mortgaged property for the collection of taxes owed by Vicente Ortiz López, and recorded its title in the registry of property.

The plaintiff, José González Cádiz, claiming that he had no knowledge of said tax sale until the moment when he tried to record his title, which he acquired by virtue of a judicial sale, moved the lower court to notify the People of Puerto Rico to release the property, if it so desired, by paying to the plaintiff the amount set forth in the writ demanding payment (*requerimiento*), as provided in section 71 of the Mortgage Law, with the warning that if it failed to do so, the cancellation in the registry of its record of ownership would be ordered.

Conformably to the plaintiff's motion, the district court rendered an order which in its pertinent part reads as follows:

". . . in view of section 71 of the Mortgage Law and the ruling of the Supreme Court of Puerto Rico in the case of *Arroyo* v. *Zavala,* it is ordered that the People of Puerto Rico be notified of the sale at public auction and award of the mortgaged property, made in this case, in order that if it deems it advisable, it may release said property by paying the amounts mentioned in the writ demanding payment and which said property secures, . . . with the warning that if it fails to do so within the period of 10 days after notice hereof, its record of ownership made in the Registry of Property of Humacao will be canceled."

The People of Puerto Rico moved that the above transcribed order be set aside, and the court, after hearing the parties, denied the motion and ratified its previous order.

The Government maintains that it acquired an absolute title to said property in enforcing its claim for income taxes owed by Vicente Ortiz López, which claim has priority over the mortgage credit constituted in favor of the plaintiff. The district court overruled the motion on the ground that the proceeding conducted by the Treasurer had been clearly an *ultra vires* act, lacking any legal force.

The People of Puerto Rico took an appeal from the order of the lower court, and plaintiff now moves to dismiss the appeal because the record does not show that defendant Vicente Ortiz was notified of the appeal, and because the order of the District Court of Humacao is not appealable according to section 295 of the Code of Civil Procedure.

As to the first ground for dismissal urged by the plaintiff, we think that once the property was awarded to the mortgagee, the mortgagor had no interest in the question of whether the record of ownership of said property standing in the registry in favor of a third person should be canceled or not. This question concerns the People of Puerto Rico and the mortgage creditor exclusively. Vicente Ortiz López

ceased to be the owner of the property and need not be notified.

Regarding the claim that the order rendered by the district court is not appealable, plaintiff confines himself to the assertion of such claim, without offering any argument to support his theory, and the appellant maintains that it is a decision which has the unavoidable result of canceling a record in the registry in favor of the People of Puerto Rico, and which moreover is in the nature of a special order rendered after final judgment. The cancellation was decreed by the court by a subsequent order from which an appeal was also taken and which involves practically the same questions as this case, it being possible to consider both orders as forming part of a single appeal.

Although this is the first time that this question is presented to this court, there are two decisions on the merits involving appeals taken in consequence of the application of section 71 of the Mortgage Law. In *Arroyo* v. *Zavala,* 40 P.R.R. 257, the mortgage creditor moved that a third person who had recorded in the registry of property his title to the mortgaged property be notified and warned that if within a period of ten days she did not pay the amount of the mortgage and release the property, the cancellation of the record of the sale in her favor would be ordered. The motion was granted accordingly. Subsequently, the order of cancellation was issued, and said order was later set aside at the instance of the interested party. The mortgage creditor took an appeal from that decision and this court held that a conflict of this character could be adjusted by applying the provisions of section 71 of the Mortgage Law. In *United P. R. Bank* v. *Nieves, ante,* p. 72, a motion was filed within a summary foreclosure proceeding, requesting the cancellation of a record made in the registry of property in favor of a third person with respect to the mortgaged property. The court ordered the cancellation of said record

and the person in whose favor the record had been made took an appeal. This court decided the appeal on the merits, and reversed the decision of the lower court.

It is evident that the order appealed from was rendered after a final judgment. It might be argued that it was rendered to protect a right acquired by the creditor within the summary foreclosure proceeding and that for this reason it is not appealable. This court has declared, in *Arroyo* v. *Zavala, supra,* that a summary foreclosure proceeding does not end with the auction, but with the possession, the deed, and the record thereof. However, in reality when the creditor invokes the provisions of section 71 of the Mortgage Law, the property has already been foreclosed and awarded in satisfaction of the debt, and the court, in order to apply section 71, must notify and hear a third person who has recorded his right in the registry. It seems natural that the person who feels aggrieved by the decision of the court should have the right to appeal from the order, so as to secure a hearing before the higher court. Plaintiff also claims that the appeal is frivolous. In view of the questions presented in this case, the same can not be dismissed as frivolous.

The motion to dismiss the appeal must be denied.